


FILED ___ ENTERED
___ LODGED ___ RECEIVED

AUG 2 0 2002    KN

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

CV 01-05124 #00000066

The Honorable Robert J Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN S TEMPLE,

   Plaintiff,

v

ALLSTATE INSURANCE COMPANY, a foreign Corporation,

   Defendant

No CO1-5124 RJB

**DECLARATION OF DORIS ISBELL**

### DECLARATION OF DORIS ISBELL

Attached is the Declaration of Doris Isbell in support of Plaintiff John S Temple's Motion of Partial Summary Judgment and accompanying exhibits

//

//

//

DECLARATION OF DORIS ISBELL Page - 1
No CO1-5124 RJB

ORIGINAL

THE BLANKENSHIP LAW FIRM
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DORIS ISBELL, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 01-252-DRH |
| | ) | |
| v | ) | JURY TRIAL DEMANDED |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

### DECLARATION OF DORIS ISBELL

The following Declaration is made pursuant to 28 USC Section 1746, to wit

My name is Doris Isbell, and I make the following statements under penalty of perjury and dated, this 19th day of August, 2002

1  My name is Doris Isbell  I am the plaintiff in the above case I have pending against Allstate Insurance Company for age discrimination and retaliation

2  My birthdate is October 26, 1948. I am nearly fifty-four years old

3  I was first employed by Defendant Allstate Insurance Company on October 12, 1985 as an agent selling insurance policies, I worked there as an agent until I was fired on June 30 2000

4  On April 15, 1999 I filed a claim for worker's compensation benefits for carpal tunnel I had as a result of my work

5  In November, 1999 Allstate announced its plan for reorganization involving employee agents  As part of its plan Allstate demanded all of the employee agents including

1

me must sign a release and waiver of our civil rights I attach a true and correct copy of the release and waiver I received from Allstate and which is marked as *Pl s Exh* 4

6  Allstate announced to me that those agents who refused to sign the release and waiver by June 1, 2000 would be terminated from their employment effective June 30, 2000

7  Allstate also told me those agents who signed the waiver and release could continue working as "exclusive agents" selling insurance policies otherwise, if they signed the release and waiver the agents could receive a severance based on the value of their book of business

8  Allstate explained that those agents who would become "exclusive agents" upon signing the release and waiver would lose the following benefits Allstate had provided in the past The exclusive agents would have to pay the costs of health insurance including dental and vision, Allstate had provided full coverage for me and my dependents for health insurance including dental and vision The exclusive agents would no longer receive Allstate's fifty cents contribution to the profit sharing plan for every dollar put into the plan. I had contributed to the profit sharing plan over the years and had received contributions from Allstate of fifty cents for every dollar I put into the plan The agents would no longer be entitled to accrue benefits in the pension plan The agents would lose the life insurance provided by the company, I had a life insurance policy paid for by Allstate Allstate no longer planned to provide worker's compensation coverage or make Social Security contributions on behalf of those agents who signed the release and waiver and became exclusive agents The exclusive agents would lose the protection of unemployment compensation

9  I was off work during part of the Spring, 2000 for surgeries because of my carpal tunnel

2

10　I received from Allstate letters dated May 4, 2000 and May 19, 2000, copies of which are attached and marked *Pl 's Exhs* 11, 12 respectively and incorporated by reference as if fully set out in this Declaration. In each letter I was told I would lose my job and could not work as an exclusive agent under the new program if I did not sign the release and waiver

11.　I then sent Allstate letters dated May 24 2000 and May 26, 2000, true and correct copies of which are attached and marked *Pl 's Exhs* 13 and 16 respectively and incorporated by reference as if fully set out in this Declaration. The release and waiver would mean I would have to give up my rights to workers' compensation benefits. In fact my lawyer handling my workers' compensation claim, Del Goldenhersh told me not to sign the release and waiver Also, I believed the release and waiver and the reorganization plan discriminated against agents because of age. From the information Allstate provided to us over ninety percent (90%) of the agents affected by this were well over 40 years old We would lose valuable health insurance, profit sharing and pension benefits at a time we could not afford to. I told Allstate the release and waiver and the plan discriminated against agents on the basis of age I told Allstate I would not sign the release and waiver, but I wanted to work as an exclusive agent

12　In the meantime I received from Allstate a letter dated May 25, 2000, a true and correct copy of which is attached and marked as *Pl 's Exh.* 15 and incorporated by reference as if fully set out in this Declaration. I was told I must sign the release and waiver by June 1, 2000 or "your employment will terminate on June 30 2000", Allstate said, "This is the last communication you will receive, regarding this matter"

13　I was then fired effective June 30, 2000 after nearly fifteen years of work for Allstate

3

14. The above statements are true and correct to the best of my information and belief

DATED this 19th day of August, 2002

*Doris Isbell*
DORIS ISBELL

4

Richard Smith
Agency Manager
1117 Vandalia
Collinsville, IL 62234
Bus: 618-345-9685
Fax: 618-345-9697



*Sent certified mail 5-4-00*



PLAINTIFF'S
EXHIBIT
11

May 4, 2000

Doris:

In response to your request for what is needed to return to your office, I offer you a reminder to review Preparing for the Future materials you received in November of 1999. These materials were discussed in the two meetings you attended on 12-21-99 and 2-29-00. Please note that a signed and dated release (among other documents) is due to Human Resources by June 1st. Failure to meet this requirement will result in the termination of your employment effective June 30th and you will receive the base severance allowance of 13 weeks. There will be no exceptions to this requirement.

I urge you to contact me to discuss further should you have any questions.

Sincerely,

[signature]

Richard B. Smith

RECEIVED TIME MAY 4  4:13PM

A 000242


**Allstate.**
You're in good hands

*Douglas R Wendt*
*Field Vice President*
2801 Lakeside Drive Ste 300
Bannockburn, IL 60015
847/295-4866
Fax 847/295-3205

May 19 2000


PLAINTIFF'S EXHIBIT
12

Doris A Isbell
365 Bunker Hill Road
Belleville, IL 62221

Doris

By now you have received detailed information on the changes that Allstate is making to strengthen its agency distribution system I sincerely hope that you choose to continue your career as an Allstate Agent because, quite simply, we need you! Our new business model is built around you And we've made enhancements to the Exclusive Agency Program that we're confident will help you serve customers better expand your business and reap greater rewards

I recognize that you are already planning for your future and may currently be in the process of converting to the Exclusive Agency Program However, in accordance with your Allstate Agent Compensation Agreement (R830 Agents) or Agent Employment Agreement (R1500 Agents) and certain state laws that may apply, we are providing you with this written notice of the "Preparing for the Future" changes previously announced to you that your agent agreement and employment will terminate no later than June 30, 2000 (And if you do not choose to convert to the Exclusive Agency Program, your Allstate appointments will also be terminated )

We are a company going through extraordinary change, and change is always a challenge But I feel there is great success in store for us I hope you choose to be a part of it If, however, you decide not to convert to the Exclusive Agency Program, know that we'll always be grateful for your contributions to Allstate's success and wish you all the best in your future endeavors

Regards

*Doug Wendt*

Doug Wendt
Field Vice President

lg

A 000172



May 24, 2000

Mr. Richard Smith
Agency Manager
1117 Vandalia
Collinsville, IL 62234

Dear Richard:

In response to your letter dated May 4, 2000, please be advised that I do not intend to sign the Release and Waiver Agreement. I am concerned that the Release could forfeit my right to my claim under workmen's compensation and any other claims that might be brought in the future for benefits, etc.

I do plan to sign the R3001 contract. Please forward all other forms necessary to continue my employment with Allstate.

I would appreciate your immediate response (in writing) to my letter dated April 26, 2000. Your letter dated May 4, 2000 failed to address any of my concerns regarding company policy for my return to work.

Sincerely,

Doris A. Isbell

Doris A. Isbell

A 000241

RECEIVED TIME MAY 25    3:40PM        PRINT TIME MAY 26    9:44AM

**Richard Smith**
Agency Manager
1117 Vandalia
Collinsville, IL 62234
Bus: 618-345-9685
Fax: 618-345-9697





May 25, 2000

Doris-

In response to your letter received today, I wanted to take this opportunity to remind you that should you wish to convert to the R3001 Exclusive Agent Agreement, you are required to sign the General Release and Waiver Agreement. This release is due to Human Resources by June 1st. Additionally, you must also be released by your doctor to return to work, if you have not been already, by June 30, 2000 or your employment will terminate at that time. Should you choose not to sign the General Release and Waiver Agreement, your employment will terminate on June 30, 2000 and you will receive the Base Severance Pay.

This is the last communication you will receive from me regarding this matter, but you are welcome to contact me at (618) 345-9600 should you require additional information.

Regards,

Richard B. Smith

A 000240



May 26, 2000

Mr. Richard Smith
Agency Manager
1117 Vandalia
Collinsville, IL 62234

Dear Richard:

    This letter is a follow up to my May 24, 2000 letter. After review of the R3001 documentation you provided me, I have decided not to convert my status to that of independent contractor since I believe that the company's requirement that I sign the Release and Waiver and convert my status constitutes age discrimination. I will remain an employee under the existing contract.

                              Sincerely,

                              Doris A. Isbell