

CV 01-05124 #00000088

Honorable Robert Bryan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN S TEMPLE,<br><br>    Plaintiff,<br><br>v<br><br>ALLSTATE INSURANCE COMPANY, a foreign corporation,<br><br>    Defendant | NO C01-5124<br><br>**DECLARATION OF<br>KAREN JONES IN SUPPORT<br>OF ALLSTATE'S REPLY BRIEF** |

I, KAREN JONES, declare and state as follows

1    I am one of the attorneys representing defendant Allstate Insurance Company in this matter

2    Attached hereto as Exhibit 1 is a true and correct copy of the letter received by Allstate Insurance Company from the U S Department of Labor in 1971

3    Attached hereto as Exhibit 2 is a true and correct facsimile copy of the Third Declaration of Barry Hutton  Allstate will file the original version of this Declaration as soon as the original arrives from Northbrook, Illinois

Declaration of Karen F Jones - 1 - NO C01-5124
291/324440 01
091202/1213/42496 00103

ORIGINAL

Riddell Williams P S
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1065
(206) 624-3600

88

1  I DECLARE UNDER PENALTY OF PERJURY, UNDER THE LAWS OF THE
2  UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND
3  CORRECT

4  EXECUTED this 12th day of September, 2002, in Seattle, Washington

_____
Karen F Jones

Declaration of Karen F Jones - 2 - NO C01-5124
291/324440 01
091202/1213/42496 00103

Riddell Williams P S
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1065
(206) 624-3600

**EXHIBIT 1**

U S. DEPARTMENT OF LABOR<br>
Office of the Solicitor<br>
219 South Dearborn Street<br>
Chicago, Illinois 60604

Telephone: (312) 353-6992

February 19, 1971

Mr. Stuart Rothman<br>
Attorney at Law<br>
1730 K Street, N.W.<br>
Washington, D.C. 20006

Dear Mr. Rothman:

This is in response to your request for an opinion as to whether Allstate insurance agents qualify for exemption from the overtime provisions of the Fair Labor Standards Act as administrative employees under Regulations Part 541, section 541.2 (29 CFR 541.2).

The facts as you have stated them may be summarized as follows:

> Insurance agents are employees of Allstate Insurance Company and at least four other related companies dealing in various kinds of insurance, financing, and related businesses. These agents are responsible for the sale of many types of automobile insurance (automobile liability and physical damage), residential fire, theft, and allied types of insurance, homeowners' property and liability, various kinds of life insurance, including ordinary, limited payment, and endowment, group life, health and accident, health insurance such as for accidental death, medical expense, income replacement, and major medical, commercial insurance for fire, burglary, glass, boiler, and business interruption, insurance for property owners and businesses to protect against bodily injury and property damage, insurance for workmen's compensation and employer's liability, fidelity, surety, forgery, and license bonds, automobile financing, and others. In addition, 6,600 agents are now selling mutual funds, after having successfully completed study courses and the National Association of Security Dealers examination.

> The Allstate companies employ approximately 8,000 licensed agents in the United States and Canada, 5,000 of whom are

ALL   001315

February 19, 1971

  "retail agents" assigned for a portion of their time to
  insurance booth locations in Sears, Roebuck and Company
  retail stores or catalog stores. Roughly 75 percent of
  these agents have attended some college and 30 percent
  are college graduates. Agents undergo a 13- to 16-week
  training period, during which time they receive an hourly
  rate plus overtime pay for hours worked in excess of 40
  a week. After this period they are paid a monthly amount
  plus incentive compensation, with a monthly guarantee of
  $545. The average Allstate agent earns $16,237 per year.
  No additional compensation is paid for the overtime
  hours worked after the initial training period.

Allstate agents must be knowledgeable on all the lines of
insurance, financing, and the mutual funds sold by the
company. The agent is the only representative of the company
in a position to observe the applicant and the circumstances
surrounding the risk. By means of personal interviews with
the customer and other evidence, the agent may accept a
particular application for insurance and bind the company
up to 60 days on any particular policy. He may, however,
decline to write any insurance, submit the insurance
application to the underwriting department "nonbound," or
submit the policy "bound," as above, which means that the
applicant is insured until rejected by the company. The
agent's binding authority is substantial -- $300,000 for
personal injury liability insurance and $100,000 for
property damage liability. Thus, the agent may have considerable
responsibility in determining the risk involved in an
insurance application. The company must rely heavily on
the agent to be an underwriter as well as a salesman, since
the agent is generally the only one to see the applicant
and personally assess the risk. Though the agent does apply
certain standards, he must make the initial decision as
to whether the applicant should be insured at all, whether
he should be insured "bound" or "nonbound," and, further, in
the case of automobile insurance, whether he should be
insured with Allstate or with a subsidiary Allstate Company
which insures higher risks at increased premiums.

The foregoing activities, combined with the sale of a number of
different types of insurance and mutual funds -- the latter
attaching additional responsibilities on the agent-registered
representative -- leads to the conclusion that some agents may
perform duties primarily consisting of "the performance of office
or nonmanual work directly related to management policies or

- 2 -

February 19, 1971

general business operations of [their] employer or [their] employer's customers." In making the decisions required of them as indicated above, such agents may customarily and regularly exercise discretion and independent judgment and perform under only general supervision "work along specialized or technical lines requiring special training, experience, and knowledge." When such agents spend almost all of their working time in the above activities and also receive a salary of more than $125 per week, they may be performing duties which substantially conform to the requirements set forth in Regulations Part 541, section 541.2 (29 CFR 541.2). Nevertheless, without having all the facts surrounding the employment of a particular agent, we cannot say that all agents would be exempt under regulations Part 541. As you know, section 13(a)(1) of the Act does not provide a class exemption. <u>Hodgson</u> v. <u>Klages Coal & Ice Co.</u>, 64 LC 32,425 (CA 6, December 10, 1970).

Sincerely,

*[signature]*

HERMAN GRANT
Regional Solicitor

ALL    001317

**EXHIBIT 2**

Honorable Robert Bryan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN S. TEMPLE,<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, a foreign corporation,<br><br>    Defendant. | NO. C01-5124<br><br>**THIRD DECLARATION OF BARRY HUTTON** |

I, BARRY HUTTON, declare under penalty of perjury as follows:

1. I am over the age of 18 years, am competent to attest to the matters set forth herein, and I do so on the basis of my personal knowledge.

2. I am currently Vice President of Agency Distribution at Allstate Insurance Company ("Allstate"). I have worked at Allstate for over twenty years.

3. I recommended that Allstate pursue the Preparing for the Future Program and I led the team responsible for developing the Program. As a part of that Program, Allstate decided to end its employee agency program and to offer its employee agents various post-termination options, which I have described in the Declaration previously filed in this case.

Declaration of Barry Hutton, Case No. C01-5124 - Page 1
291/324010.01
091102/2113/42496 00103

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1065
(206) 624-3600

1      4.    I have reviewed the documents submitted by Plaintiff purportedly from the Sales Organization of the Future ("SOOF") initiative. Preparing for the Future was a separate initiative from SOOF that served a different purpose, and the Preparing for the Future team did not consider, use, or rely upon the documents Plaintiff has submitted or any analysis done or conclusions drawn by the SOOF team. Specifically, the Preparing for the Future team did not consider, use, or rely upon any analysis of the age of the agency workforce or any portion of the workforce in recommending that Allstate terminate its employee agency program or in developing any of the Preparing for the Future options.

    I swear under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

DATED this _12_ day of September, 2002 at _Chicago_, Illinois.

_/s/ Barry Hutton_

Declaration of Barry Hutton; Case No. C01-5124 - Page 2
291/324010.01
091102/2113/42496 00103

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1065
(206) 624-3600